IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGEL CAGLE, etc., et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 07-0658-WS-B |
| | ) | |
| PHILIP L. NORMAN, et al.., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on the plaintiffs' motion for remand.  (Doc. 6).  The parties have filed briefs in support of their respective positions, (Docs. 7, 8), and the motion is ripe for resolution.  After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion to remand is due to be granted.

The plaintiffs, citizens of Louisiana, filed this lawsuit in the Circuit Court of Choctaw County against Philip Norman — the driver of a vehicle that struck and injured the minor plaintiff — and against Norman's employer, GOC, Ltd. ("GOC").  GOC removed on the basis of diversity of citizenship.

GOC admits that it is a limited partnership.  (Doc. 1 at 2, ¶ 9; Doc. 2 at 5, ¶ 4). "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004).  This has been the clear, controlling rule since at least 1990.  *Carden v. Arkoma Associates*, 494 U.S. 185, 187, 196-97 (1990).

Because GOC admits it is a limited partnership, the complete diversity necessary for subject matter jurisdiction exists only if none of its partners is, like the plaintiffs, a citizen of Louisiana.  As the party invoking a federal forum, the burden is on GOC to make this showing.  *E.g., Friedman v. New York Life Insurance Co.*, 410 F.3d 1350, 1353

(11th Cir. 2005).  GOC has presented no evidence with which to meet its burden as to the citizenship of its partners; indeed, it has not even alleged, either in brief or in its notice of removal, that none of its partners is a citizen of Louisiana.  Instead, GOC points out that the complaint alleges that "[a]ll of the partners and limited partners are citizens of states other than Louisiana," (Complaint at 2, ¶ 4), and that "[t]here is complete diversity between all parties."  (*Id*., ¶ 5).  By these allegations, GOC concludes, the plaintiffs "admit" that there is subject matter jurisdiction, rendering "moot" any consideration of the actual facts concerning the citizenship of its partners.  (Doc. 8 at 2).

Even if the allegations of the complaint as to the citizenship of GOC would be sufficient, standing alone, to carry GOC's burden,[1] GOC *denied* the complaint's allegation that none of its partners is a citizen of Louisiana, (Doc. 2 at 5, ¶ 4),[2] thereby negating any significance the allegation might otherwise carry and, in effect, affirmatively asserting that one or more of its partners *is* a citizen of Louisiana.[3] Whatever the true facts may be, on this record GOC patently has failed to carry its burden of showing that none of its partners is a citizen of Louisiana, and the case must be remanded for lack of subject matter jurisdiction.

In its notice of removal (but not in opposition to the plaintiffs' motion to remand), GOC "requests the opportunity to conduct limited discovery" concerning the propriety of removal.  (Doc. 1 at 5, ¶ 14).  As one of GOC's authorities holds, post-removal discovery

---

[1]The weight to be afforded a plaintiff's allegation as to a fact within the bosom of the defendant, not the plaintiff, cannot be much.

[2]GOC answered this paragraph of the complaint with the following: "Admitted only to the extent that GOC, Ltd., is a limited partnership incorporated under the laws of the State of Alabama."  (*Id*.).  The balance of the paragraph, then, was denied.

[3]While GOC's answer did admit that "[t]here is complete diversity between all parties," (*id*. at 5, ¶ 5), that generalized legal assertion — apparently made in the misapprehension that the citizenship of a limited partnership is governed by its state of incorporation, (Doc. 1 at 2, ¶¶ 6-10) — cannot undo the direct denial that none of GOC's partners is a citizen of Louisiana.

to support the removal is impermissible.  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215-18 (11th Cir. 2007).  Even if the Court had discretion to allow such discovery, it would not do so in this case, since GOC has not articulated or supported the facially unlikely proposition that it cannot show the citizenship of its own partners without discovery of third parties.

Embedded in GOC's opposition to remand is a request to transfer this action to the Southern District of Mississippi.  (Doc. 8 at 4-5).  Because GOC filed no motion to transfer venue, there is nothing before this Court on which to rule.  Local Rule 5.1(d).  At any rate, because the Court lacks subject matter jurisdiction, it lacks power to transfer this action to a sister court (which also lacks subject matter jurisdiction).

The plaintiffs request an award of costs and attorney's fees incurred in connection with GOC's removal.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The grant or denial of fees is committed to the discretion of the district court.  *E.g., Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006).

GOC's removal was not objectively reasonable, given that binding precedent clearly  required it to show that none of its partners is a citizen of Louisiana; that such information is presumptively within GOC's possession (or would have been upon a minimally reasonable investigation); that GOC nevertheless removed this action while simultaneously denying that none of its partners is a citizen of Louisiana; and that GOC never attempted to cure the deficiency, even after the motion to remand pointed it out.  Because the removal was not objectively reasonable, costs and fees may be awarded.

The plaintiffs have not identified the amount of costs and fees associated with the removal, much less presented an affidavit as to the amount and its reasonableness.  That

alone would justify a complete denial of costs and fees. *Henry County School District v. Action Development, Inc.*, 2007 WL 2683726 at *5 (N.D. Ga. 2007). Moreover, the majority of the motion for remand was devoted to meritless arguments,[4] for the pursuit of which there is no sound reason to reward the plaintiffs. Finally, the plaintiffs waited 32 days to move for remand, and "a plaintiff's delay in seeking remand ... may affect the decision to award attorney's fees." *Martin*, 546 U.S. at 141. Nevertheless, because the plaintiffs necessarily expended some measure of fees in opposing the removal, the Court awards them the sum of $100.

For the reasons set forth above, the motion for remand is **granted**. This action is **remanded** to the Circuit Court of Choctaw County. GOC is **ordered** to pay the plaintiffs costs and fees of removal in the amount of $100.

DONE and ORDERED this 16th day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4]The plaintiff argued that remand was required because Norman did not join in or consent to the removal, and because GOC admits it is a citizen of the forum state. These are procedural arguments, *e.g., GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1357 (S.D. Ala. 2003); *Murphy v. Aventis Pasteur, Inc.*, 270 F. Supp. 2d 1368, 1374 & n.8 (N.D. Ga. 2003), and they were waived by the plaintiffs' failure to move for remand within 30 days after removal. 28 U.S.C. § 1447(c).